GIBSON, DUNN & CRUTCHER LLP
JESSE A. CRIPPS, SBN 222285
  jcripps@gibsondunn.com
COURTNEY M. JOHNSON, SBN 324331
  cjohnson2@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

GIBSON, DUNN & CRUTCHER LLP
MATTHEW T. SESSIONS, SBN 307098
  msessions@gibsondunn.com
AMBER D. MCKONLY, SBN 317117
  amckonly@gibsondunn.com
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendant NORTHROP GRUMMAN SYSTEMS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZECHARIAH BURGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>**DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Los Angeles Superior Court Case No. 21STCV25762)<br><br>Action Filed: July 14, 2021<br>Trial Date:    None Set |

**TABLE OF CONTENTS**

Page

I. TIMELINESS OF REMOVAL ............................................................................... 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ........... 1

    A. There Is Complete Diversity of Citizenship ............................................... 3

        1. Plaintiff Is a Citizen of California ..................................................... 3

        2. NGSC Is a Citizen of Delaware and Virginia ................................... 3

    B. The Amount in Controversy Exceeds $75,000 .......................................... 4

III. THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER ............................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
    2018 WL 6382049 (C.D. Cal. Dec. 6, 2018) .................................................. 5

*Campbell v. Vitran Exp., Inc.*,
    471 F. App'x 646 (9th Cir. 2012) .................................................................. 5

*Carolina Cas. Ins. Co. v. Team Equip., Inc.*,
    741 F.3d 1082 (9th Cir. 2014) ....................................................................... 3

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S. Ct. 547 (2014) .................................................................................... 5

*Ehrman v. Cox Comm., Inc.*,
    932 F.3d 1223 (9th Cir. 2019) ....................................................................... 3

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ........................................................................................ 3

*In re Hyundai & Kia Fuel Economy Litig.*,
    926 F.3d 539 (9th Cir. 2019) ......................................................................... 5

*Ibarra v. Manheim Invs., Inc.*,
    775 F.3d 1193 (9th Cir. 2015) ....................................................................... 5

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) ....................................................................... 3

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
    199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................................... 5

*Korn v. Polo Ralph Lauren Corp.*,
    536 F. Supp. 2d 1199 (E.D. Cal. 2008) ......................................................... 5

*Lewis v. Verizon Commc'ns., Inc.*,
    627 F.3d 395 (9th Cir. 2010) ..................................................................... 1, 4

*Lippold v. Godiva Chocolatier, Inc.*,
    2010 WL 1526441 (N.D. Cal. Apr. 15, 2010) ............................................... 4

*McPhail v. Deere & Co.*,
    529 F.3d 947 (10th Cir. 2008) ....................................................................... 4

*Patel v. Nike Retail Servs., Inc.*,
    58 F. Supp. 3d 1032 (N.D. Cal. 2014) ........................................................... 4

*Rippee v. Boston Mkt. Corp.*,
    408 F. Supp. 2d 982 (S.D. Cal. 2005) ........................................................... 5

*Sanchez v. Monumental Life Ins. Co.*,
    102 F.3d 398 (9th Cir. 1996) ......................................................................... 4

# TABLE OF AUTHORITIES
(continued)

Page(s)

**STATUTES**

28 U.S.C. § 84(c) ...................................................................................................... 6

28 U.S.C. § 1332 ...................................................................................................... 1

28 U.S.C. § 1332(a)(1) ......................................................................................... 2, 4

28 U.S.C. § 1332(c)(1) ............................................................................................. 3

28 U.S.C. § 1441 ...................................................................................................... 1

28 U.S.C. § 1441(a) ................................................................................................. 6

28 U.S.C. § 1446(c)(2)(B) ....................................................................................... 4

Cal. Labor Code § 201 ............................................................................................. 2

Cal. Labor Code § 202 ............................................................................................. 2

Cal. Labor Code § 203 ............................................................................................. 2

Cal. Labor Code § 204 ............................................................................................. 2

Cal. Labor Code § 210 ............................................................................................. 2

Cal. Labor Code § 226(a) ........................................................................................ 2

Cal. Labor Code § 2699(a) ...................................................................................... 2

Cal. Labor Code § 2802 ........................................................................................... 2

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ZECHARIAH BURGER AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Northrop Grumman Systems Corporation ("NGSC") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 21STCV25762 in Los Angeles Superior Court, State of California. Removal is proper on the following grounds:

### I. TIMELINESS OF REMOVAL

1. Plaintiff Zechariah Burger ("Plaintiff") filed a putative Class Action Complaint against NGSC in Los Angeles County Superior Court, State of California, Case No. 21STCV25762, on July 14, 2021. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action & PAGA Complaint, (c) Civil Case Cover Sheet, (d) Notice of Service of Process Transmittal, (e) Notice of Case Assignment, (f) Minute Order, (g) Proof of Service of Summons on NGSC, and (h) Notice of Initial Status Conference, attached as Exhibits A–H to the Declaration of Jesse A. Cripps ("Cripps Decl.") filed concurrently herewith.

2. According to the proof of service of summons filed by Plaintiff with the Los Angeles County Superior Court, Plaintiff personally served NGSC through its registered agent for service of process on July 23, 2021. *See* Cripps Decl., Ex. G. Consequently, service was completed on July 23, 2021. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b).

### II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. NGSC denies Plaintiff's factual allegations and denies that he or any of the individuals on whose behalf he is pursuing this action is entitled to the relief requested. *See Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount

in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [NGSC's] liability."). However, for purposes of this removal only, NGSC assumes Plaintiff's allegations are true.

4. Plaintiff asks the Court "[t]hat this case be certified as a class action." Cripps Decl. Ex. B, Compl., Prayer for Relief. Plaintiff defines his proposed class as follows: "All persons who were employed by Defendants and worked in California within four years prior to the filing of this Complaint until the date of certification ('the California Employee Class')." *Id.*, Compl. ¶ 18.

5. Plaintiff also purports to bring this action under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, which permits individuals to collect civil penalties for violations of the California Labor Code. Cal. Lab. Code § 2699(a).

6. Before filing this action, Plaintiff sent a letter to the California Labor and Workforce Development Agency ("LWDA") on or around April 30, 2021 (the "LWDA Notice Letter") alleging that NGSC is liable for the "California Labor Code alleged to have been violated." Cripps Decl., Ex. B, Compl. ¶ 38.

7. Plaintiff alleges that NGSC is liable for PAGA civil penalties stemming from the following California Labor Code provisions: Cal. Labor Code §§ 201, 202, 203, 204, 210, 226(a), and 2802. *Id.*, Compl., Prayer for Relief, ¶ 17.

8. In his Complaint, Plaintiff alleges three causes of action against NGSC: (1) Failure to Reimburse for Reasonable Business Expenses (Cal. Lab. Code § 2802); (2) Violations of California Business & Professions Code § 17200 *et seq.*; and (3) penalties pursuant to PAGA (Lab. Code § 2693 *et seq.*) for violations of Lab. Code §§ 201–204 (failure to pay all wages due), § 226(a) (failure to provide accurate wage statements), and § 2802 (failure to reimburse for reasonable business expenses). Cripps Decl., Ex. B, Compl., Prayer for Relief, ¶ 17.

9. Among other things, Plaintiff alleges that putative class members are entitled to general and special damages, unpaid expenses, wages, penalties, injunctive

relief, interest, and attorneys' fees and costs "in excess of one million dollars." Cripps Decl. Ex. B, Compl., Prayer for Relief, ¶ 4.

### A. There Is Complete Diversity of Citizenship

10. "The district courts shall have original jurisdiction of all civil actions . . . between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Here, Plaintiff is a citizen of California, whereas NGSC is a citizen of Delaware and Virginia. Therefore, this action is a dispute between citizens of different states within the meaning of Section 1332(a)(1).

#### 1. Plaintiff Is a Citizen of California

11. For diversity purposes, a person is a citizen of the state in which he or she is domiciled. A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he "is a resident of Los Angeles County, State of California." Cripps Decl., Ex. B, Compl. ¶ 11. Therefore, Plaintiff is a citizen of the state of California for the purposes of 28 U.S.C. § 1332. Moreover, it is reasonable to assume that a substantial number of the putative class members, who by definition are or have been recently "employed . . . in California," are also domiciled in California. Cripps Decl. Ex. B, Compl. ¶ 18.

#### 2. NGSC Is a Citizen of Delaware and Virginia

12. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direc-tion, control, and coordination, i.e., the 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

3
DEFENDANT NGSC'S NOTICE OF REMOVAL OF CLASS ACTION

13. NGSC is a corporation organized under the laws of the State of Delaware, and with its principal place of business and corporate headquarters in Falls Church, Virginia. Declaration of Susie L. Choung ("Choung Decl.") ¶¶ 2-3. As such, NGSC is a citizen of Delaware and Virginia. *See* 28 U.S.C. § 1332(c)(1).

14. Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and NGSC as "citizens of different States." 28 U.S.C. § 1332(a)(1).

**B.     The Amount in Controversy Exceeds $75,000**

15. Plaintiff's alleged claims seek various statutory penalties and other remedies. Regardless of how those alleged damages may be calculated, Plaintiff himself pleads that the amount in controversy raised by those claims exceeds the $75,000 jurisdictional amount. *See* Cripps Decl., Ex. B, Compl. ¶ 4 ("Plaintiff alleges that the amount in controversy for Plaintiff, including claims for reimbursable and necessary business-related expenses, civil and statutory penalties, injunctive relief, and a pro rata share of attorneys' fees, exceeds seventy-five thousand dollars").

16. Courts evaluate a removing defendant's assertion of the amount in controversy under a "preponderance of the evidence" standard. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B). Although "[u]sually, 'preponderance of the evidence' is a phrase used for determining whether a factual allegation is, in fact, true," "a defendant is not required to admit, and is certainly not required to *prove*, the truth of plaintiff's assertions before invoking diversity jurisdiction." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014) (emphasis in original). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400; *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (cited with approval in *Lewis*) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

17. A removing defendant is not required to "'research, state, [or attempt to] prove the plaintiff's claims for damages.'" *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010) (internal citations omitted). Instead, a removing defendant may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish the amount in controversy." *Patel*, 58 F. Supp. 3d at 1041; *see also, e.g.*, *Lippold*, 2010 WL 1526441, at *3 (finding it reasonable for defendant to assume that plaintiff worked "13 hours a day every day that plaintiff worked for" defendant, because plaintiff alleged that he "regularly and/or consistently worked in excess of 12 hours per day"); *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that "defendants who prepare a 'well-founded evidentiary record' are entitled to make 'reasonable extrapolations' from the allegations in the complaint").

18. Crucially, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

19. Plaintiff's allegations alone place more than $75,000 in controversy. Plaintiff explicitly alleges that "the amount in controversy for Plaintiff, including claims for reimbursable and necessary business-related expenses, civil and statutory penalties, injunctive relief, and a pro rata share of attorneys' fees exceeds seventy-five thousand dollars ($75,000), and that the aggregate amount in controversy for the proposed class action . . . exceeds one million dollar[s]." Cripps Decl., Ex. B, Compl. ¶ 4. For example,

Plaintiff alleges violations of Cal. Lab. Code § 210, which provides for a civil penalty of $100 for each failure to pay each employee, and if Plaintiff's putative class included 1,000 members, each of whom suffered only one violation, at least $100,000 would be in controversy. Using "25% as a benchmark" for attorney's fees, *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 570 (9th Cir. 2019), would add $25,000 to that amount. *See* Compl. ¶¶ 4, 46, 51 & Prayer for Relief (alleging entitlement to statutory attorneys' fees award). This total exceeds the statutory threshold, and, when combined with the cost of potential injunctive relief, establishes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).[1]

## III.   THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER

20. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

    1. This is a civil action within the meaning of § 1332(a);

    2. The properly named parties are "citizens of different States" as required by § 1332(a)(1); and

    3. The amount in controversy exceeds $75,000 as required by § 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

21. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within 30 days of service on NGSC, which occurred on July 23, 2021.

22. The United States District Court for Central District of California is the federal judicial district in which the Los Angeles County Superior Court sits. This action

---

[1] Again, NGSC denies that it is liable in any amount to Plaintiff and assumes Plaintiff would prevail on his claims only to evaluate the amount in controversy.

was originally filed in the Los Angeles County Superior Court, rendering venue in this federal judicial district and division proper (*see* 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a)).

23. True and correct copies of the (a) Summons, (b) Class Action & PAGA Complaint, (c) Civil Case Cover Sheet, (d) Notice of Service of Process Transmittal, (e) Notice of Case Assignment, (f) Minute Order, (g) Proof of Service of Summons on NGSC, and (h) Notice of Initial Status Conference, attached as Exhibits A–H to the Cripps Declaration, are filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

24. Upon filing the Notice of Removal, NGSC will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: August 20, 2021

JESSE A. CRIPPS
MATTHEW T. SESSIONS
AMBER D. MCKONLY
COURTNEY M. JOHNSON
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Jesse A. Cripps*
     Jesse A. Cripps

Attorneys for Defendant NORTHROP GRUMMAN SYSTEMS CORPORATION

Gibson, Dunn & Crutcher LLP

7
DEFENDANT NGSC'S NOTICE OF REMOVAL OF CLASS ACTION