# EXHIBIT B

**COPY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 14 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Kristina Vargas, Deputy

**BY FAX**

1  BARRERA & ASSOCIATES
   PATRICIO T.D. BARRERA (SBN 149696)
2  2298 E. Maple Avenue
   El Segundo, CA 90245
3  Telephone: 310.802.1500
   Facsimile:  310.802.0500
4
   LAW OFFICE OF VIDA M. HOLGUIN
5  VIDA M. HOLGUIN (SBN 63536)
   2298 E. Maple Avenue
6  El Segundo, CA 90245
   Telephone: 310.376-5207
7  Facsimile:  310.802.0500
8  Attorneys for Plaintiff and the Proposed Class
9
10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

                           FOR LOS ANGELES
11

12  ZECHARIAH BURGER, individually and      Case No. **21STCV25762**
    on behalf of all others similarly situated,
13                                           **CLASS ACTION**
                    Plaintiff,
14                                           **COMPLAINT FOR DAMAGES**
          v.
15                                             1.   Violations of Labor Code §2802;
    NORTHROP GRUMMAN SYSTEMS             2.   Violations of California Business and
16  CORPORATION, a Delaware corporation,            Professions Code §17200; and
    and DOES 1 through 10, inclusive,        3.   Violations of Labor Code §2698 et seq.
                                                   (PAGA)
17
                    Defendants.
18                                           **Jury Trial Demanded**
19

20

21

22         Plaintiff Zechariah Burger, an individual and on behalf of all others similarly situated,

23  complains and alleges as follows:

24                                **INTRODUCTION**

25         1.      This class action challenges the failure of Defendant Northrop Grumman Systems

26  Corporation ("Northrop") to provide reimbursement to Plaintiff and similarly situated employees

27  of Northrop for reasonable, necessary, and required business-related expenses incurred during the

28  COVID-19 related, remote-work environment between March 2020 and the present.

                                      1

2.     This class action is brought under California Labor Code §2802 and the Private Attorneys General Act of 2004 ("PAGA"), Labor Code §2698 et seq., as well as California's Unfair Competition Law (the "UCL"), codified at California Business & Professions Code §17200 et seq.

3.     Plaintiff is informed and believes and thereon allege that Defendants, engaged in, among other things, a system of willful violation of the California Labor Code, PAGA, and the UCL by creating and maintaining policies, practices and customs that knowingly denied employees their civil and statutory rights of reimbursement.   The policies, practices and customs of Defendants as alleged herein have resulted in unjust enrichment of Defendants, economic harm to Plaintiff and Class Members, and an unfair business advantage over similar businesses that adhere to the requirements of the California Labor Code, the UCL, the California Business & Professions Code and governing principles of California law.

## JURISDICTION AND VENUE

4.     The remedies sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.   Based upon information, investigation and analysis as of the filing date of this complaint, Plaintiff alleges that the amount in controversy for Plaintiff, including claims for reimbursable and necessary business-related expenses, civil and statutory penalties, injunctive relief, and a pro rata share of attorneys' fees, exceeds seventy-five thousand dollars ($75,000), and that the aggregate amount in controversy for the proposed class action, including monetary damages, restitution, penalties, injunctive relief, and attorneys' fees, exceeds one million dollar ($1,000,000.00), exclusive of interest and costs. Plaintiff reserves the right to amend the amount sought based upon new and different information resulting from investigation and discovery.

5.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10.   The statutes under which this action is brought do not specify any other basis for jurisdiction.

6.     This Court has jurisdiction over Defendants because, upon information and belief, the named Defendants are either citizen of California, have sufficient minimum contacts in

California, with offices, employees and agents working for Defendants throughout the State of California to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

7.      Venue is proper in this Court because Defendants employed persons and contracted with agents, including Plaintiff and other class members, in the County of Los Angeles and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.

8.      California Labor Code Sections 2698 et seq., the Labor Code Private Attorneys General Act ("PAGA") authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

9.      On April 30, 2021, Plaintiff provided timely notice in the proper format to the California Labor and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code §2699.3.  Plaintiff's PAGA claim was assigned LWDA Case No. LWDA-CM-830878-21.

10.     Plaintiff is informed and believes and herein alleges that, as of July 9, 2021, or seventy (70) days after providing notice to the LWDA and to Defendants, the violations alleged herein have not been cured or corrected.  Defendants did not respond to Plaintiff's complaint, despite Plaintiff being employed by Northrop as its long-term Director of Human Resources at the time Plaintiff made his internal and external complaints.

## PARTIES

11.     Plaintiff Zechariah Burger is a resident of Los Angeles County, State of California.

12.     Defendant Northrop Grumman Systems Corporation is a Delaware Corporation, licensed by the California Secretary of State to operate business in California under entity number C1273086 and maintains offices throughout California including its principal place of business in California, located at 1 Space Park Blvd., Redondo Beach, California 90278.

13.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

14.     Plaintiff is informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to the named Defendants, Northrop Grumman Systems Corporation, and/or DOES 1 through 10 (separately or collectively referred to as "Northrop" or collectively as "Defendants"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants represent and were in accordance with Defendants' official policies.

15.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged. Plaintiff is informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**CLASS ACTION ALLEGATIONS**

16.     Plaintiff bring this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus seek class certification under California Code of Civil Procedure §382 and Federal Rules of Civil Procedure, Rule 23.

17.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

18.     Plaintiff's proposed class consists of and is defined as follows:

All persons who were employed by Defendants and worked in California within four years prior to the filing of this Complaint until the date of certification ("the California Employee Class").

19.     Plaintiff reserves the right to redefine the class and to add additional subclasses as appropriate based on discovery and specific theories of liability.

20.     Members of the California Employee Class will be referred to hereinafter as "class members."

21.    There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

    (a)    Whether Defendants failed to properly reimburse Plaintiff and class members for reasonably incurred business expenses;

    (b)    Whether Defendants failed to properly reimburse Plaintiff and class members for reasonable and necessary business-related expenses incurred during the Covid-19 pandemic which required mandatory remote work for Defendants;

    (c)    Whether Defendants engaged in unfair or unlawful business practices in violation of California Business & Professions Code §§17200, et seq.;

    (d)    Whether Defendants were unjustly enriched because of their unfair or unlawful business practices or misrepresentations; and

    (e)    Whether Plaintiff and class members are entitled to injunctive or equitable relief.

22.    There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

    (a)    Numerosity:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one thousand (1,000) individuals who are impacted Northrop employees who were required to work remotely during the Covid-19 pandemic and the identity of such membership is readily ascertainable by inspection of Defendants' employment records;

    (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein;

    (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or

differences with any class member.   Plaintiff's attorneys, the proposed class counsel, are versed in the state and federal rules governing class action discovery, certification, and settlement.   Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)   Superiority: The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)   Public Policy Considerations: Northrop is an international company and employer with business operations in California. Like all employers doing business in California, Northrop is required to comply with California's employment laws and wage orders.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees of Northrop are fearful of bringing actions because they believe their former employer might damage their future endeavors through negative references and/or other means.  Class actions such as this case provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

## GENERAL ALLEGATIONS

### A.   Defendants' Background

23.   Northrop Grumman Corporation is an American multinational aerospace and defense technology company.  Northrop's employees work in the areas of aerospace, electronics, information systems and technical services to government and commercial customers.  The firm ranks no. 96 on the Fortune 500 list of America's largest corporations.

/ / /

**B.      Background of Plaintiff and The Proposed Class**

24.      During the relevant time period, Plaintiff Zechariah Burger was a Director of Human Resources for Defendant Northrop with almost fifteen years of professional experience as a Northrop Employee.

25.      The allegations made by Plaintiff on behalf of himself and all other aggrieved current and former employees of Northrop in the State of California for the period between March 2020 and the present are based on the following facts and theories that Plaintiff and other aggrieved current and former employees incurred necessary expenditures while in the discharge of their job duties while the employees were required to work remotely during the COVID-19 epidemic.

**C.      Northrop Violated California Law Requiring Employers to Reimburse For Reasonably Necessary Business Expenses**

26.      On or about March 4, 2020, California Governor Gavin Newsome declared a state of emergency in California in response to the spread of COVID-19, a global pandemic.   The following week, Governor Newsome issued an Executive Order barring gatherings or events with 50 or more participants and requiring social distancing to slow the spread of coronavirus.

27.      On March 13, 2020, the federal government declared a national emergency over the COVID-19 outbreak.

28.      On March 19, 2020, California Governor Newsome issued Executive Order N-33-20, requiring all Californians to stay home, exempting essential workers such as first responders. Courthouses were closed and all non-essential businesses were essentially closed.  The same week, local government officials in California also issued "stay-at-home" orders requiring all non-essential workers to remain at home. These federal, state and local orders impacted Defendants who were required to close most of their offices, for non-essential workers in the areas of human resources, business management, supply chain management, program management, engineering, operations, etc.   Approximately 50% of the 10,000 or so Northrop employees working at Space Park in Los Angeles County were impacted.

29.      With Northrop's need to comply with the stay-at-home Orders, Northrop required and directed that Plaintiff and similarly situated Northrop employees work remotely.   Between

mid-March 2020 and through at least May 30, 2021, Plaintiff and similarly situated Northrop employees were required to incur business-related expenses associated with their work, including but not limited to use of personal cell phones for Northrop business; use of personal computers for Northrop business; increased utility expenses (such as a home internet plan and the costs of upgrading and securing their service plans) for use of electronics for Northrop business, and the purchase of office furniture thereby requiring reimbursement to Plaintiff and other similarly situated employees.

30.     Northrop requested that its employees incur these costs and, therefore, knew or had reason to know of these expenditures but did not exercise due diligence towards reimbursement. Plaintiff, in his role as Human Resources Director, raised concerns and made internal complaints concerning Northrop's duty to reimburse employees for expenses incurred during the Covid-19 pandemic.

31.     Northrop ignored Plaintiff's complaints, except to point out that Northrop provided laptops for certain employees to use while working remotely during Covid.   Even though Northrop provided laptops for certain employees to use while working from home, the Northrop-issued laptops did not have cameras, requiring employees to use their personal equipment to conduct business, like attending Zoom meetings for Northrop-related business.

32.     Northrop's unlawful employment practices and policies have deprived the Company's employees of reasonable reimbursement.

33.     California Labor Code §2802 explicitly requires employers to reimburse their employees for the necessary business expenses that they incur.   By law, employees must be reimbursed for expenses that are necessarily incurred in direct consequence of their job duties or in complying with an employer's instructions. Plaintiff and the class invoke Labor Code §2802 to recover expenses incurred that should have been paid by Northrop due to the COVID-19 regulated remote workplace environment, thereby requiring reimbursement to Plaintiff and all similarly situated agents in California.

34.     At all times herein, PAGA was applicable to Plaintiff's employment by Defendants.

35.     At all times herein, PAGA provides that any provision of law under the California

Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violation of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current and former employees pursuant to procedures outlined in California Labor Code §2699.3.

36.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

37.     Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment.    Plaintiff is, therefore, an aggrieved employee as defined by California Labor Code §2699(c), in that he was a current or former employee of Defendants and one or more of the alleged violations were committed against him.

38.     As alleged, Plaintiff provided written notice, on April 30, 2021, by electronic submission to the LWDA, and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code §2699.3.

39.     As of the filing of this Complaint, over 65 days have passed since Plaintiff submitted notice to the LWDA, as described above, and the LWDA has not stated that it intends to investigate Plaintiff's claims.  Thus, Plaintiff has satisfied the administrative prerequisites under California Labor Code §2699.3(a) to recover civil penalties and unpaid reasonable and necessary expenses against Defendants, in addition to other remedies, for violations of California Labor Code §2802.

40.     Plaintiff is informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors who were knowledgeable or should have been knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

41.     Plaintiff is informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiff and class members were not being reimbursed for reasonable business expenses incurred.  In violation of the California Labor Code, Plaintiff and class members

did not receive reimbursement for business expenses incurred.

## FIRST CAUSE OF ACTION

### Failure to Reimburse for Reasonable Business Expenses

**(Against all Named Defendants and Does 1-10)**

42.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

43.     Pursuant to California Labor Code §2802, Defendants are required to reimburse Plaintiff and the Class for expenses incurred by them in the performance of their job duties.

44.     Defendants did not reimburse Plaintiff or class members for business expenses incurred necessary expenditures while in the discharge of their job duties while the employees were required to work remotely during the COVID-19 epidemic.   Plaintiff and class members therefore incurred costs and were not reimbursed for these costs by Defendants.

45.     As a proximate result of the aforementioned violations, Plaintiff and class members have been damaged in an amount according to proof at the time of trial.

46.     Defendants' pattern, practice and consistent administration of corporate policy regarding the failure to reimburse business expenses are unlawful.   Under Labor Code §2802, Plaintiff and Class Members are entitled to recover from Defendants the amount of the expenses they incurred in the course of their job duties, plus interest, reasonable attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION

### Violations of California Business & Professions Code §§ 17200, et seq.

**(Against All Named Defendants and Does 1-10)**

47.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

48.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, Class Members, and to the general public.   Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

49.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §17200, et seq.

50.     A violation of California Business & Professions Code §§17200, et seq. may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a)     Labor Code Section 2802; and

(b)     Failing to reimburse Plaintiff and class members for business expenses incurred in violation of California Labor Code §2802, PAGA, and the applicable IWC Orders;

51.     Pursuant to California Business & Professions Code §17200 *et seq.*, Plaintiff and class members are entitled to restitution of the monies withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint, a permanent injunction requiring Defendants to reimburse all reasonable and necessary expenses due to Plaintiff and class members, an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, PAGA, and other applicable laws, and an award of costs.

## THIRD CAUSE OF ACTION

### Violations of California Labor Code §§2693, *et seq.*

### (Against All Named Defendants and Does 1-10)

52.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

53.     California Labor Code §2698 *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violations of the Labor Code sections enumerated in Labor Code §§2699.5 and 2802.

54.     Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code including, but not limited to, the following:

a.     Violation of Labor Code §2802 for failure to indemnify Plaintiff and other aggrieved employees for necessary expenditures incurred in discharge of

their duties.

55.     California Labor Code §1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable Wage Order.  California Labor Code §1198 requires that "…the standard conditions of labor fixed by the commission shall be the … standard conditions of labor fixed by the commission shall be the … standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."  In violating §2802, §210, and §558(a), Defendants have also violated the applicable wage orders and thus Labor Code §1198.

56.     California Labor Code §210 provides: "In addition to, and entirely independent and apart from, any other penalty provide in this article, every person who fails to pay the wages of each employee as provided in Section 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld."

57.     Labor Code §558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating the hours and days of work in any Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."  Labor Code §558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

58.     Defendants, at all times relevant to this complaint, were employers who violated Plaintiff's and other aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

59.     As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable Wage Order of the IWC. Accordingly, Plaintiff seeks the remedies set forth in Labor Code §558 for himself, the State of California, and all other aggrieved employees.

60.     Pursuant to PAGA, and Labor Code §§2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for plaintiff, all other aggrieved employees and the State of California against Defendants, in addition to other remedies, for violations of California Labor Code as set forth herein.

## PRAYER FOR RELIEF

Plaintiff Zechariah Burger, individually and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.     That this case be certified as a class action;

2.     That Plaintiff be appointed as representative of the Class;

3.     That Counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4.     For general and special damages, unpaid expenses, wages, penalties, injunctive relief, and attorneys' fees in excess of one million dollars ($1,000,000.00).

5.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §2802 by failing to reimburse Plaintiff and class members for reasonable business expenses incurred but not paid;

6.     For all actual, consequential and incidental losses and damages, including statutory penalties according to proof;

7.     For pre-judgment interest on any reasonable business expenses commencing from the date such amounts were paid by Plaintiff and Class Members;

8.     For injunctive and equitable relief, as allowed under PAGA and California law;

9.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to Code

of Civil Procedure §1021.5, and the California Labor Code, including PAGA; and

10. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

11. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §17200, et seq. by failing to reimburse business expenses during employment and upon termination;

12. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §17200 et seq.;

13. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure Section 1021.5 and PAGA;

14. For declaratory and injunctive relief; and

15. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

16. That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections as to Plaintiff and class members: 2802 (by failing to reimburse for reasonable business expenses incurred); 226(a) (by failing to provide accurate wage statements); 226 and 1174 (by failing to maintain accurate records); 201, 202, and 203 (by failing to pay all amounts owed upon termination).

17. For civil penalties for conduct occurring any time between one (1) year prior to the filing of the PAGA complaint and Judgment for conduct occurring any time between three (3) years prior to the filing of this complaint and Judgment, pursuant to California Labor Code §§2699(a) and/or 2699(f) and (g) and 558, plus costs and attorneys' fees, for violations of California Labor Code §§201, 202, 203, 204, 210, 226(a), and 2802; and

18. For such other and further relief as the Court may deem equitable and appropriate.

Dated: July 12, 2021                    BARRERA & ASSOCIATES

                                        By:  */s/ Patricio Barrera*
                                        Patricio T.D. Barrera
                                        Attorneys for Plaintiff Zechariah Burger

1

## REQUEST FOR JURY TRIAL

2      Plaintiff Zechariah Burger request a trial by jury.

3

4  Dated: July 12, 2021                    BARRERA & ASSOCIATES

5                                          By: _/s/ Patricio Barrera_
                                              Patricio T.D. Barrera
6                                             Attorneys for Plaintiff Zechariah Burger

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28